http://www.va.gov/vetapp16/Files3/1621753.txt

Citation Nr: 1621753 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 14-03 501 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Honolulu, Hawaii

THE ISSUE

1. Entitlement to service-connection for recurrent diverticulosis.

2. Entitlement to service-connection for a colon resection.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

J. Jenkins, Associate Counsel
INTRODUCTION

The Veteran served on active duty from November 1955 to September 1957 and from November 1957 to October 1976. 

These matters come to the Board of Veterans' Appeals (Board) on appeal from September 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Honolulu, Hawaii. 

The Veteran testified at a hearing before the undersigned Veterans' Law Judge (VLJ) in July 2015. A transcript of that proceeding is of record.

These matters were before the Board in October 2015, when they were remanded for additional development. As will be discussed in greater detail below, there has not been substantial compliance with all the prior remand directives. Accordingly, another remand is warranted. Stegall v. West, 11 Vet. App. 268 (1998). 

In October 2015 the Board also remanded the Veteran's claim for entitlement to service-connection for tinnitus. During the pendency of the appeal, a December 2015 rating decision granted that claim. As the December 2015 rating decision constitutes a complete grant of the benefit sought on appeal, that issue is no longer before the Board.

The October 2015 decision referred the issues of entitlement to an increased rating for a lumbar spine disability and entitlement to service connection for dizziness, which had been raised by the record in a July 2014 statement, to the Agency of Original Jurisdiction (AOJ) for initial adjudication. To date, these issues have not been adjudicated. Therefore, the Board does not have jurisdiction over them, and they are again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Board finds that there has not been substantial compliance with the October 2015 remand directives. The Veteran was provided a VA intestinal surgery examination in November 2015. The examiner diagnosed the Veteran with resection of the large intestine due to diverticulitis. The examiner opined that the Veteran's diverticulitis was less likely than not incurred in or caused by service because diverticulitis, as a condition, does not arise until middle age or later in life. No other rationale or explanation was provided. 

In the April 2016 Appellant's Post-Remand Brief, the representative asserted that the November 2015 VA examination report was inadequate for adjudicating the claims. The Board agrees. Specifically, the examiner did not acknowledge or address, as requested, any of the Veteran's diagnosed gastrointestinal disabilities other than resection of the large intestine due to diverticulitis, including his diagnosed gastroesophageal reflux disease, acid reflex, and hiatal hernia. Additionally, with regard to the examiner's negative opinion regarding diverticulitis, the Board finds that the examiner's opinion and rationale are conclusory and did not address the medical evidence of record or the Veteran's assertions regarding his in-service and post-service symptoms. As the October 2015 remand directives instructed the examiner to identify all gastrointestinal disabilities and to address the medical evidence of record as well as the Veteran's assertions regarding ongoing in-service and post-service symptoms, the Board finds that another VA examination is required. 

Accordingly, the case is REMANDED for the following actions:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). Expedited handling is requested.)

1. Obtain VA treatment records from April 2016 to present. All attempts to obtain these records should be documented in the claims file.

2. Contact the Veteran and request that he complete and return a separate VA Form 21-4142 for any private treatment for his disabilities on appeal, to include any updated treatment records from Tripler Army Medical Center. Upon receipt of any release, VA must take appropriate action to request the identified treatment. Two attempts must be made to obtain any private records identified, unless the first attempt demonstrates that further attempts would be futile or that the records do not exist. 

If private records are identified, but not obtained, the AOJ must inform the Veteran (1) of the records that were requested, (2) of the steps taken to obtain them, (3) that the claim will be adjudicated based on the evidence available, and (4) that if the Veteran later submits the records, the claim may be readjudicated.

3. Schedule the Veteran for a VA examination to ascertain the nature and relationship to service, if any, of any diagnosed gastrointestinal disability. The claims file and a copy of this remand should be made available to the examiner in conjunction with the examination. Any medically indicated tests should be accomplished, and all pertinent symptomatology and findings must be reported in detail. Based on a physical examination of the Veteran and review of all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and lay statements, the examiner should:
a. Identify any diagnosable gastrointestinal disabilities present since September 2010. 

In doing so, the examiner should reconcile his or her diagnoses with the diagnoses of record, including the diagnoses of gastroesophageal reflux disease, acid reflex, hiatal hernia, diverticulitis, and status post colon resection. If the examiner finds that any of the above diagnoses have not been present during the appeal period, a full explanation should be provided.

b. For any diagnosed gastrointestinal disability present during the pendency of the appeal, the examiner should opine whether it is at least as likely as not (50 percent probability or more) that any disability had its onset in service or is otherwise related to his military service, to include the Veteran's in-service abdominal pain, diarrhea, and constipation.

In so opining, the examiner should specifically address the medical evidence of record, including the March 11, 1974 service treatment record noting intermittent epigastric pain since 1962, the April 1975 report of medical examination noting recurrent stomach aches, the August 1976 report of medical history noting stomach, liver, or intestinal trouble, as well as the Veteran's assertions regarding in-service and post-service symptoms.

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.
A complete rationale should be provided for any opinion or conclusion expressed. 

4. Thereafter, readjudicate the issues on appeal. If any benefit sought remains denied, issue a supplemental statement of the case to the Veteran and his representative. Thereafter, return the case to the Board for review, if warranted.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).